UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-99-FDW-DCK

| TOMMY E. MARTIN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MORNING STAR, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2).

**I.  BACKGROUND**

*Pro se* Plaintiff purports to file suit under 42 U.S.C. § 1985. He names as the sole Defendant Morning Star, LLC, doing business as Hardee's Restaurant.

The Complaint's Nature of Case section states, *verbatim*: "Had got an infection with Chronic left arm pain, was put on antibiotic. Due to exposure of the Hepatitis shot. I am one of the few people suffer more than others." (Doc. No. 1 at 2). The Complaint's "Cause of Action" and "Injury" sections contain no allegations. (Doc. No. 1 at 3). As his Request for Relief, Plaintiff states "250,000 or unclosed [sic] amount" (Doc. No. 1 at 5).

**II.  MOTION TO PROCEED *IN FORMA PAUPERIS***

The Court first addresses Plaintiff's motion to proceed *in forma pauperis*. Plaintiff's affidavit shows that he has $2,501.70 in monthly income, comprised of $52 in interest, $1,045.70

in disability benefits, and $1,404 in social security. (Doc. No. 2 at 2-3). His assets include a home worth $170,000, two cars worth a total of $22,000, and a trailer. (Id. at 3). Plaintiff has two minor children who rely on him for support. (Id.). His monthly expenses appear to total $2,712,[1] including $116 for utilities, $800 for food, and $333 for transportation. (Doc. No. 2 at 4). He does not expect any major changes to his monthly expenses, assets, or liabilities in the next year. (Id. at 5). The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed *in forma pauperis*.

### III. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

---

[1] Plaintiff provided annual, rather than monthly, expenses.

Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**IV. DISCUSSION**

The Complaint is too vague and conclusory to pass initial review. Plaintiff fails to explain his relationship with Defendant or describe the alleged incident in enough detail to satisfy Rule 8. His bare reference to 42 U.S.C. § 1985 is insufficient to state a claim; he has failed to set forth a short and plain statement describing each of the Defendant's alleged actions and explaining how each of these Defendants has violated his rights under the color of state law. Indeed, the allegations are so severely deficient that the Court cannot conclude at this juncture that it has subject-matter jurisdiction over this action. The Complaint is frivolous and fails to state a claim upon which relief can be granted and will, therefore, be dismissed without prejudice.

Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on a civil complaint form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief

against each defendant. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them, and state a basis for the Court's subject-matter jurisdiction. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001). Plaintiff's failure to comply with this Order will probably result in this case's dismissal and closure without further notice.

V. **CONLUSION**

Plaintiff's motion to proceed *in forma pauperis* is granted. For the reasons stated herein, the Complaint is dismissed without prejudice to file an Amended Complaint within 14 days of this Order. Plaintiff's failure to comply with this Order will probably result in this case's dismissal and closure without further notice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

2. The Complaint is **DISMISSED** as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

3. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed without prejudice and closed without further notice to Plaintiff.

4. The Clerk of Court is directed to mail a copy of the civil complaint form to Plaintiff.

Signed: April 8, 2019

Frank D. Whitney
Chief United States District Judge