UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-99-FDW-DCK

| TOMMY E MARTIN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MORNING STAR, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint, (Doc. No. 5). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 3).

**I.   BACKGROUND**

*Pro se* Plaintiff purports to file suit under 42 U.S.C. § 1983. He names as Defendant Hardee's Restaurant a/k/a Morning Star LLC. The Complaint was dismissed on initial review as frivolous and for failure to state a claim upon which relief can be granted. (Doc. Nos. 1, 3). Plaintiff has filed an Amended Complaint which is now before the Court on initial review. (Doc. No. 5).

The Amended Complaint's Nature of Case section states *verbatim* "That I was not protected form Hep A got vaccination right shoulder, injury related to vaccine. That lead to thyroid abnormalities in liver. The gallbladder is also medication." (Doc. No. 5 at 2).

His Cause of Action is *verbatim*: (1) "Excluding from class action law suit. With regards to the extent of harm suffered by the shot defendant's proposes is not fair reasonable/and/or adequate;" and (2) "Adequate compensation for personal injured. Defendant value of the case assuming the lowest where I suffer an injury due to the defendant that this type of damage does not go away." (Doc. No. 5 at 3).

1

Plaintiff states his injury as follows *verbatim*: "Emotional distress suffered by defendant's. now with other pain here come long term consequences. Shoulder pain impairment lasting the life time. The accident aggravate my pre existing medical condition. (The psychological problem in the pass. Has no power over God help for us.)." (Doc. No. 5 at 3).

His request for relief is, verbatim "There is good evidence that the cost of medication. That in the hospital cost. IRS cost. 250,00 or unclosed." (Doc. No. 5 at 5).

Plaintiff has attached to his Amended Complaint a handwritten document labeled "Exhibit D" which addresses an incident at a Hardee's restaurant where his order was wrong, a police report about the incorrect order, and a CaroMont Health form addressing Plaintiff's vaccination history. (Doc. No. 5 at 6-11).

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert

more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

The Complaint is frivolous and too vague and conclusory to pass initial review. Plaintiff fails to explain his relationship with Defendant or describe the alleged incident in enough detail to satisfy Rule 8. His bare reference to 42 U.S.C. § 1983 is insufficient to state a claim. Plaintiff has failed to set forth a short and plain statement describing the Defendant's alleged actions, how the Defendant was a state actor, how the Defendant has violated his rights under the color of state law. The allegations are so severely deficient that the Court cannot conclude that it has subject-matter jurisdiction over this action. The Complaint will, therefore, be dismissed as frivolous and for failure to state a claim upon which relief can be granted, and for lack of subject-matter jurisdiction.

**IV. CONLUSION**

For the reasons stated herein, the Amended Complaint is dismissed without prejudice as frivolous, for failure to state a claim upon which relief can be granted, and for lack of subject-matter jurisdiction.

**IT IS, THEREFORE, ORDERED that:**

1. The Complaint is **DISMISSED** without prejudice as frivolous and for failure to

state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and for lack of subject-matter jurisdiction.

2. The Clerk of Court is instructed to close this case.

Signed: June 11, 2019

Frank D. Whitney
Chief United States District Judge